TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Monica Holman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Holman,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Optimum Outcomes, Inc.; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Monica Holman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Monica Holman (hereafter "Plaintiff"), is an adult individual residing in Maricopa, Arizona, 85138, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, Optimum Outcomes, Inc. (hereafter "Optimum"), is a company with an address of 2651 Warrenville Road, Suite 500, Downers Grove, Illinois, 60515, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(39).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Optimum and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Optimum at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor, Rural Metro Ambulance (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Optimum for collection, or Optimum was employed by the Creditor to collect the Debt.

11. Optimum attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Optimum Engages in Harassment and Abusive Tactics

12. Within the last year, Optimum began placing calls to Plaintiff's cellular telephone number in an attempt to collect the Debt.

3

13. At all times mentioned herein, Optimum called Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message ("Robocalls") on a cellular telephone.

14. Plaintiff never provided her cellular telephone number to Optimum.

15. Plaintiff never provided her cellular telephone number to the Creditor.

16. Plaintiff never provided prior express consent to Optimum to place ATDS and/or Robocalls to her cellular phone number.

17. When Plaintiff answered the calls from Optimum, she was met with a prerecorded message, instructing her to return Optimum's call.

18. Plaintiff spoke with Optimum in or around June of 2014 and advised Optimum that she was unable to repay the Debt at that time. Plaintiff informed Optimum that she would repay the Debt when she was able to do so. Plaintiff further instructed Optimum to cease all calls to her cellular telephone, as the calls were excessive and harassing.

19. Despite Plaintiff's unequivocal explanation and request, Optimum continued to place Robocalls to Plaintiff at an excessive and harassing rate, often times calling Plaintiff multiple times per day.

20. The calls from Optimum caused Plaintiff a great deal of frustration and intruded upon her right to be free from unwanted invasions.

4

21. Furthermore, Optimum failed to send Plaintiff a written letter within five days after its initial communication with Plaintiff.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24. Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26. Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. Plaintiff is entitled to damages as a result of the Defendants' violations.

# **COUNT II**

# **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**

# **47 U.S.C. § 227, et seq.**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Plaintiff never provided her cellular telephone number to Optimum or to the Creditor and never provided her consent to be contacted on her cellular telephone.

31. Without prior express consent, Optimum contacted Plaintiff by means of ATDS calls and/or Robocalls at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

32. Defendants continued to place ATDS calls and/or Robocalls to Plaintiff's cellular telephone after being instructed to cease all calls, and knowing that there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

33. The telephone number called by Optimum was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

34. The calls from Optimum to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Upon information and belief, Optimum's telephone system has the capacity to store numbers in a random and sequential manner.

36. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

37. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40. Arizona further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

41. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with ATDS calls and/or Robocalls to her cellular telephone after being advised to cease all calls and after being advised that Plaintiff was unable to repay the Debt at that time.

42. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

43. The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

45. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

   B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

   C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

   D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

   E. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: September 15, 2014                    LEMBERG LAW, LLC


By: ___/s/  *Trinette G. Kent*___
Trinette G. Kent

Attorney for Plaintiff,
Monica Holman